UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE,

    **Plaintiff,**

v.                                             Civil Action 3:25-cv-836
                                                 Chief Judge Sarah D. Morrison
                                                 Magistrate Judge Chelsey M. Vascura

CONNOR LEWIS CAMPBELL, *et al.*,

    **Defendants.**

## ORDER

    This matter is before the Court on Plaintiff's Motion for Leave to Proceed under a Pseudonym (ECF No. 7). Plaintiff filed her Complaint on July 23, 2025, asserting a claim for violation of 15 U.S.C. § 6851 (prohibiting the dissemination of an individual's "intimate visual depiction") and related state-law torts. (ECF No. 1.) On July 25, 2025, Plaintiff filed the subject Motion, seeking leave to proceed anonymously. (ECF No. 7.)

    Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

The Court is persuaded that disclosure of Plaintiff's identity would equate to a disclosure of information "of the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Plaintiff alleges that Defendants shared sexually explicit photos of Plaintiff with members of the public without her consent. Further, the statute creating one of her causes of action expressly contemplates anonymity for Plaintiffs invoking it. *See* 15 U.S.C. § 6851(b)(3)(B) ("[A] court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."). The majority of courts faced with motions to proceed anonymously in § 6851 cases have granted those motions. *See, e.g.*, *Doe v. Parsons*, No. 2:24-CV-00075, 2024 WL 5705632, at *2 (M.D. Tenn. Dec. 16, 2024) ("Section 6851's very purpose is to protect against one's intimate matters being publicized.") (quoting *Doe v. Williams*, No. 3:24-CV-165-DPJ-ASH, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024)); *Doe v. Ghiorso*, No. 2:24-CV-57, 2024 WL 3511641, at *2 (S.D. Ga. July 23, 2024) ("Disclosing Plaintiff's identity could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights § 6851 seeks to protect.").

Moreover, Plaintiff's identity is already known to Defendants and their counsel, such that Defendants will not be prejudiced in their ability to defend this action. Defendants also have not opposed the motion to proceed anonymously.

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield her from discrimination and harassment. Therefore, Plaintiff's Motion for Leave to Proceed under a Pseudonym (ECF No. 7) is **GRANTED**.

It is further **ORDERED** that:

(1) In all publicly filed documents, Plaintiff shall be identified only as Jane Doe. All documents filed with this Court that contain the full name of Plaintiff, or contain information that identifies her, directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) The parties shall take all other reasonable steps to prevent Plaintiff's true identity from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE