JANE DOE,                                    )
                                             )
    *Plaintiff and Counter-Defendant,*     )
                                             )
v.                                           )          No.: 3:25-CV-00836
                                             )
CONNOR LEWIS CAMPBELL,                       )
                                             )
    *Defendant,*                           )
                                             )
and KAIYA GABRIEL,                           )
                                             )
    *Defendant and Counter-Plaintiff.*     )

## ANSWER AND COUNTERCOMPLAINT

Defendants, Connor Lewis Campbell and Kaiya Gabriel, answer the Complaint of Jane Doe (the "Plaintiff" or "Ms. Doe") as follows:

### I.    INTRODUCTION

1. Defendants admit that Connor Lewis Campbell and Jane Doe were engaged in sexual relations between May 2022 and September 2023. All other allegations in Paragraph 1 are denied.

2. Defendants admit that at the request and with the consent of Plaintiff, photographs were taken of Plaintiff Jane Doe during sexual intercourse with Connor Lewis Campbell's cellular phone. All other allegations in Paragraph 2 are denied.

3. Defendants admit that at the request and with the consent of Plaintiff, nude photographs were taken of Plaintiff Jane Doe with a digital camera. All other allegations in Paragraph 3 are denied.

4. Denied.

5. Denied as stated.

6. Denied.

7. Denied.

8. Denied.

9. The allegations contained within Paragraph 58 are prayers for relief, which merit no response from Defendants. To the extent a response is required, Defendants deny all allegations against them under any theory whatsoever. Defendants deny that Plaintiff is entitled to the relief it seeks, nor is it entitled to equitable relief, and respectfully demand that this cause be submitted to a jury of twelve (12).

## II. PARTIES

10. The allegations in Paragraph 10 are admitted upon information and belief.

11. Admitted.

12. Admitted.

## III. JURISDICTION AND VENUE

13. Defendants admit that this Court has jurisdiction over this action.

14. Defendants admit that this Court has jurisdiction over this action.

15. Defendants admit that venue is proper.

## IV. FACTUAL ALLEGATIONS

16. Defendants admit that Connor Lewis Campbell and Jane Doe were engaged in sexual relations between May 2022 and September 2023. All other allegations in Paragraph 16 are denied.

2

17. Defendants admit that at the request and with the consent of Plaintiff, photographs were taken of Plaintiff Jane Doe during sexual intercourse with Connor Lewis Campbell's cellular phone. All other allegations in Paragraph 14 are denied.

18. Defendants admit that at the request and with the consent of Plaintiff, photographs were taken of Plaintiff Jane Doe during sexual intercourse with a digital camera. All other allegations in Paragraph 18 are denied.

19. Defendants admit that at the request and with the consent of Plaintiff, two live photographs were taken of Plaintiff Jane Doe during sexual intercourse with Connor Lewis Campbell's cellular phone on September 27, 2023. All other allegations in Paragraph 19 are denied.

20. Denied as stated.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied as stated.

29. Defendants admit that Kaiya Gabriel did send a friend request to Plaintiff Jane Doe on Snap Chat and visited her LinkedIn. All other allegations in Paragraph 29 are denied.

30. Denied as stated.

31. Denied as stated.

32. Admitted.

3

33. Denied.

34. Defendants admit that Plaintiff Jane Doe filed a police report alleging stalking and harassment against Kaiya Gabriel. All other allegations in Paragraph 34 are denied as well as any wrongdoing.

35. Defendants admit that Plaintiff Jane Doe did pursue criminal charges against Kaiya Gabriel. All other allegations in Paragraph 35 are denied as well as any wrongdoing.

36. Defendants admit that Plaintiff Jane Doe sought an order of protection against Kaiya Gabriel and that Kaiya Gabriel agreed to the order of protection at the material misrepresentations of Plaintiff Jane Doe's counsel. All other allegations in Paragraph 36 are denied.

37. Denied.

38. Denied.

39. It is admitted that the images taken during sexual intercourse of Plaintiff Jane Doe and Connor Lewis Campbell and the nude images of Plaintiff Jane Doe were taken at the request and consent of Plaintiff Jane Doe and it was Connor Lewis Campbell's understanding that the pictures were not for commercial pornographic content. All other allegations in Paragraph 39 are denied.

40. Denied as stated.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

4

46. Denied.

47. Denied.

48. Denied.

## V. CAUSES OF ACTION

### Claim #1: Violation of 15 U.S.C. § 6851
### (As to Both Defendants)

49. Defendants incorporate and reassert the foregoing answers to Plaintiff's allegations as if fully set for herein.

50. Paragraph 50 is a statement of law and legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 50 of the complaint.

51. Paragraph 51 is a statement of law and legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 51 of the complaint.

52. Denied.

53. Denied.

54. Denied as stated.

55. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 and to that extent, Defendants deny any wrongdoing.

56. Denied.

57. Denied.

58. The allegations contained within Paragraph 58 are prayers for relief, which merit no response from Defendants. To the extent a response is required, Defendants deny all allegations

5

against them under any theory whatsoever. Defendants deny that Plaintiff is entitled to the relief it seeks, nor is it entitled to equitable relief, and respectfully demand that this cause be submitted to a jury of twelve (12).

59. The allegations contained within Paragraph 59 are prayers for relief, which merit no response from Defendants. To the extent a response is required, Defendants deny all allegations against them under any theory whatsoever. Defendants deny that Plaintiff is entitled to the relief it seeks, nor is it entitled to equitable relief, and respectfully demand that this cause be submitted to a jury of twelve (12).

**Claim #2: Invasion of Privacy (Intrusion Upon Seclusion)**
**(As to Defendant Gabriel)**

60. Defendants incorporate and reassert the foregoing answers to Plaintiff's allegations as if fully set for herein.

61. Paragraph 61 is a statement of law and legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 61 of the complaint.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

6

## Claim #3: Intentional Infliction of Emotion Distress
### (As to Defendant Gabriel)

69. Defendants incorporate and reassert the foregoing answers to Plaintiff's allegations as if fully set for herein.

70. Paragraph 70 is a statement of law and legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 70 of the complaint.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## Claim #4: Negligence
### (As to Defendant Campbell)

75. Defendants incorporate and reassert the foregoing answers to Plaintiff's allegations as if fully set for herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## Claim #5: Negligent Infliction of Emotional Distress
### (As to Defendant Campbell)

81. Defendants incorporate and reassert the foregoing answers to Plaintiff's allegations as if fully set for herein.

7

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## VI. INJUNCTIVE RELIEF

88. Defendants incorporate and reassert the foregoing answers to Plaintiff's allegations as if fully set for herein.

89. The allegations contained within Paragraph 89 are prayers for relief, which merit no response from Defendants. To the extent a response is required, Defendants deny all allegations against them under any theory whatsoever. Defendants deny that Plaintiff is entitled to the relief it seeks, nor is it entitled to equitable relief, and respectfully demand that this cause be submitted to a jury of twelve (12).

**The remaining paragraphs are prayers for relief, which merit no response from Defendants. To the extent a response is required, Defendants deny all allegations against them under any theory whatsoever. Defendants deny that Plaintiff is entitled to the relief she seeks, nor is she entitled to equitable relief, and respectfully demand that this cause be submitted to a jury of twelve (12).**

## I. AFFIRMATIVE DEFENSES

1. It is affirmatively averred that the Complaint fails to state a claim upon which relief can be granted. Plaintiff has not alleged facts showing that the image was published or disseminated beyond the courtroom or legal proceeding. Additionally, while the Plaintiff alleges

8

that the image was emailed, she has not sufficiently pleaded facts showing that the disclosure was made with the intent to harm, embarrass, or exploit, nor that it was disseminated beyond the Plaintiff herself or beyond a legal proceeding.

2.      It is affirmatively averred that the alleged disclosure does not constitute use of a means or facility of interstate commerce in the manner contemplated by the statute. Although email is generally considered a tool of interstate commerce, the image was sent directly and privately to the Plaintiff, without any indication that it was transmitted across state lines or to any third party. The statute is aimed at preventing widespread or public dissemination, not private communications between individuals, particularly when the recipient is the depicted individual herself.

3.      It is affirmatively averred that the Defendants did not act with the intent to harm, harass, or exploit the Plaintiff, nor with reckless disregard for her lack of consent. Defendants' actions were motivated by concern and transparency, not malice or exploitation.

4.      It is affirmatively averred that disclosure of the image to the Plaintiff's attorney occurred in the context of a legal proceeding and was made in good faith. The Plaintiff had filed for an order of protection with the subject email as a factual basis, and prior to that hearing, the Plaintiff's attorney requested all materials Defendants had brought to court. Defendants complied with that request and provided the image as part of her defense. Under 15 U.S.C. § 6851(b)(4)(B)(ii), disclosures made in good faith during legal proceedings are exempt from liability.

5.      It is affirmatively averred that the initial disclosure of the image to the Plaintiff via email was reasonably intended to assist the Plaintiff. Defendant Kaiya Gabriel sent the image to the Plaintiff to alert her to its existence and for clarity on termination of sexual relations, acting

9

out of concern rather than hostility. This falls squarely within the statutory exception under § 6851(b)(4)(D), which exempts disclosures reasonably intended to assist the depicted individual.

6.     It is affirmatively averred that there was no publication of the image within the meaning of the statute. The image was sent privately to the plaintiff and then provided to her attorney in court. It was not posted online, shared with third parties, or otherwise disseminated to the public. The statute is designed to prevent public exposure of intimate images, and the limited, private disclosures alleged here do not constitute publication.

7.     It is affirmatively averred that the Plaintiff's attorney explicitly requested a copy of all materials the defendant brought to court, including the image. By doing so, the Plaintiff, through her legal representative, impliedly consented to the disclosure or waived any objection to it in that context. Defendants' compliance with this request was reasonable and in good faith, and any claim based on that disclosure should be barred by principles of waiver and implied consent.

8.     It is affirmatively averred that Plaintiff is barred from equitable relief due to unclean hands. She initiated a legal proceeding for an order of protection with underlying factual claims involving the images and then used the image obtained through that process to file a separate claim against Defendants. Plaintiff's conduct was retaliatory or manipulative and equity does not permit her to benefit from a situation she helped create.

9.     It is affirmatively averred that 15 U.S.C. § 6851 constitutes an overly broad infringement on the First Amendment's protection of the freedom of speech.

10.     Defendants reserve the right to amend this Answer should discovery warrant such amendment.

## II.   COUNTERCLAIMS

### Tortious Interference with a Business Contract

### (Tennessee Common Law)

11.     At all times material hereto, Defendant Kaiya Gabriel ("Ms. Gabriel") had an existing business relationship with Vanderbilt University Medical Center ("Vanderbilt") in the form of an employment contract.

12.     Ms. Doe was aware of the business relationship between Ms. Gabriel and Vanderbilt.

13.     In November of 2024. Vanderbilt performed an investigation into whether Ms. Gabriel had accessed Ms. Doe's medical records while employed and in violation of the Health Insurance Portability and Accountability Act ("HIPAA").

14.     In a letter dated December 2, 2024, Ms. Doe was notified by Vanderbilt that an investigation was performed and revealed that Ms. Gabriel did view Ms. Doe's demographic information on three occasions in September and October of 2024, but that Ms. Gabriel did not at any time access Ms. Doe's clinical electronic medical record. Ms. Doe was also informed that an appropriate follow-up was completed with Ms. Gabriel.

15.     Ms. Doe was aware that Ms. Gabriel was not terminated by Vanderbilt as a result of the investigation.

16.     In or around February 2025, Ms. Doe visited Ms. Gabriel's LinkedIn and discovered she was still employed at Vanderbilt.

17. Ms. Doe contacted Vanderbilt in or around February 2025 regarding Ms. Gabriel's employment.

18. During these communications with Vanderbilt, Ms. Doe made false and defamatory statements about Ms. Gabriel, misrepresentations regarding Ms. Gabriel, and threats of litigation in an effort to cause Vanderbilt to terminate its employment contract with Ms. Gabriel.

19. Ms. Gabriel did not view Ms. Doe's demographic information after October of 2024, nor did she at any time access Ms. Doe's clinical electronic medical record.

20. Ms. Doe acted maliciously in causing Vanderbilt to terminate its employment contract with Ms. Gabriel, as she intended to harm Ms. Gabriel and seek revenge for personal reasons unrelated to any business dealings or other legitimate purposes.

21. Ms. Doe's motivations for intentionally and improperly interfering with the business contract between Vanderbilt and Ms. Gabriel were Ms. Doe's ill will, hatred, and spite toward Ms. Gabriel.

22. Ms. Doe's motives for interfering with the business contract between Vanderbilt and Ms. Gabriel were improper.

23. As a result of Ms. Doe's improper motives and interference, Vanderbilt terminated Ms. Gabriel's employment in March of 2025.

24. As a result of her termination, Ms. Gabriel has suffered a loss of income, loss of health insurance coverage, loss of retirement and 403(b) contributions, and loss of other employment benefits Ms. Gabriel would have otherwise received but for Ms. Doe's tortious interference with her employment contract.

25. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

12

### III. <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Ms. Gabriel respectfully prays that this Honorable Court enter judgment in her favor and against Plaintiff, and award the following relief:

1. Compensatory Damages in an amount to be determined at trial for lost wages, salary, and other employment-related income resulting from Ms. Gabriel's wrongful termination;

2. Damages for Lost Employment Benefits, including but not limited to loss of health insurance coverage, retirement and 403(b) contributions, and any other employment benefits Ms. Gabriel would have otherwise received but for Ms. Doe's tortious interference;

3. Damages for Emotional Distress, Humiliation, and Mental Anguish proximately caused by Ms. Doe's wrongful conduct;

4. Punitive Damages in an amount sufficient to punish Ms. Doe for her malicious and intentional interference and to deter similar conduct in the future;

5. Prejudgment and Post-Judgment Interest as allowed by law;

6. Reasonable Attorneys' Fees and Costs incurred in the prosecution of this action, to the extent permitted by law; and

Such Other, Further, and General Relief as this Court deems just and proper in the premises.

13

Respectfully Submitted,

**ORTALE KELLEY LAW FIRM**

*/s/ Chicoya M. Smith*
Chicoya M. Smith, BPR # 37118
Hallie Gilliam, BPR # 40470
330 Commerce Street, Ste. 110
Nashville, TN 37201
P: 615-256-9999
F: 615-726-1494
csmith@ortalekelley.com
hgilliam@ortalekelley.com

14

## CERTIFICATE OF SERVICE

I do hereby certify that on October 6, 2025, a true and correct copy of the foregoing has

been sent by the District Court's electronic filing system to:

Sarah L. Martin
Daniel Horwitz
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
sarah@horwitz.law

*/s/ Chicoya M. Smith*
Chicoya M. Smith