| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| **Plaintiff and Counter-Defendant,** | ) |
| v. | ) |
| | ) **Case No. 3:25-CV-00836** |
| CONNOR LEWIS CAMPBELL, | ) |
| | ) |
| **Defendant,** | ) |
| | ) |
| and KAIYA GABRIEL, | ) |
| | ) |
| **Defendant and Counter-Plaintiff.** | ) |

---

**DEFENDANT AND COUNTER-PLAINTIFF GABRIEL'S MOTION FOR VOLUNTARY DISMISSAL OF HER COUNTERCLAIM AND SUPPORTING MEMORANDUM OF LAW**

Comes now, Defendant and Counter-Plaintiff, Kaiya Gabriel ("Gabriel"), by and through undersigned counsel, and moves this honorable Court for Voluntary Dismissal of her counterclaim pursuant to Federal Rule of Civil Procedure 41(a)(2).

**INTRODUCTION**

Jane Doe ("Doe") filed this action against Defendants on July 23, 2025, asserting violations of 15 U.S.C. § 6851 and associated state law claims. (Doc. 1). Defendants timely filed their Answer, denying all allegations of wrongdoing. (Doc. 18). Therein, Gabriel also asserted a permissive counterclaim against Doe for tortious interference of a business contract. (Doc. 18, PageID #64—66). Specifically, Gabriel alleged that Doe made false, defamatory, and materially misrepresentative statements about Gabriel to her employer, threatened litigation against her employer, and repeatedly contacted and harassed her employer with the malicious intent of causing

Gabriel's termination. (*Id.*). Gabriel further asserted that Doe's conduct achieved its intended effect of causing Gabriel's employer to terminate her. (*Id.*).

Doe filed an Answer to Gabriel's counterclaim, as well as a Motion for Judgment on the Pleadings seeking dismissal of the counterclaim (the "anti-SLAPP motion"). (Docs. 19, 22). In her Motion, Doe primarily argues that Gabriel's counterclaim violates the Tennessee Public Participation Act (TPPA), Tenn. Code Ann. § 20-17-101, *et seq.*, Tennessee's anti-SLAPP statute. (Doc. 22). Gabriel's response in opposition to Doe's Motion is due on December 19, 2025. (Doc. 25, PageID #137).

Despite remaining confident in the merits of her counterclaim, Gabriel is prepared to voluntarily dismiss her counterclaim. Her financial resources are limited, particularly in light of the loss of her employment that forms the basis of the counterclaim itself. Accordingly, after evaluating the time, expense, and resources required to litigate the anti-SLAPP issue, the counterclaim, as well as the original claims asserted by Doe in her Complaint—and weighing those burdens against the potential recovery even in the event of success—Gabriel has determined that it is in her best interest to focus her limited resources on defending against Doe's claims in a cost-efficient manner and without causing delay to litigate other tangential issues.

Pursuant to L.R. 7.01(a)(1) and Fed. R. Civ. P. 41(a)(1)(A)(ii), Gabriel requested that Doe stipulate to a voluntary dismissal of the counterclaim. To date, there has been no response in either agreement or opposition. Accordingly, Gabriel now seeks an order voluntarily dismissing her counterclaim without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Of note, the deadlines for amending pleadings and completing discovery do not expire until April 20, 2026, and July 17, 2026, respectively. (Doc. 25, PageID #137—39). No trial in this matter has been set.

Moreover, no discovery has been completed by any Party with respect to the anti-SLAPP motion, the counterclaim, or the claims brought by Doe in her Complaint.

## LAW AND ARGUMENT

Voluntary dismissals are governed by Fed. R. Civ. P. 41(a), which allows for dismissal of an action by the plaintiff—or counter-plaintiff—if certain conditions are present or by court order. *See* Fed. R. Civ. P. 41(a). As Doe has filed Answer to the counterclaim and the Parties have not stipulated to dismissal, Fed. R. Civ. P. 41(a)(2) governs. To voluntarily dismiss the claim under Rule 41(a)(2), the party must seek an order which the Court may grant "on terms that [it] considers proper." Fed. R. Civ. P. 41(a)(2).

Whether "dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In the context of a Rule 41(a)(2) motion, it is within the Court's discretion to dismiss the case without prejudice unless "[counter-]defendant would suffer plain legal prejudice . . . as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (quoting *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Ultimately, a party's "unilateral right to dismiss a case voluntarily generally exists as long as [counter-]defendant has not been unduly burdened by [counter-]plaintiff's suit." *Jones v. Mount Carmel Health Sys.*, 2008 U.S. Dist. LEXIS 8882, at *3—4 (S.D. Ohio Jan. 24, 2008) (quoting Jack H. Friedenthal, Mary Kay Kane, & Arthur R. Miller, *Civil Procedure*, § 9.5 (3d ed. 1999)).

Courts are to consider a nonexclusive list of factors to assess legal prejudice, including "(1) [counter-]defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the [counter-]plaintiff in prosecuting the action"; (3) whether [counter-]plaintiff's explanation for the need to take a dismissal is insufficient, and (4) "whether a motion

3

for summary judgment has been filed by the [counter-]defendant." *Grover*, 33 F.3d at 718. "The [Grover] factors are simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (internal citation omitted).

Turning to those factors in the case at hand, it is clear that each weigh heavily in favor of dismissal without prejudice.

### 1. Effort and Expense

First, there has been minimal effort and expense by either Party related to litigating Gabriel's counterclaim. When evaluating this factor, courts consider both the length of time the case has been pending and the proximity of the requested dismissal to trial. *See, e.g., Brown v. Gust*, 2025 U.S. Dist. LEXIS 133798, at *5 (E.D. Tenn. Apr. 10, 2025) (finding that this factor weighed in favor of dismissal where the case had been open for a year but the Plaintiff moved for voluntary dismissal before the close of discovery); *Cogent Solutions Group, LLC v. Brown*, 2013 U.S. Dist. LEXIS 165265, at *6 (S.D. Ohio Nov. 20, 2013 (holding that this factor weighed in favor of dismissal where the Plaintiff moved to dismiss the case well before trial and almost exactly one year after it commenced).

The counterclaim was brought less than three months ago, and no discovery on the counterclaim has been exchanged at this time. (Doc. 18). This Motion comes four months before the deadline for amending pleadings and seven months before the deadline for completing discovery, and this matter has not yet even been set for trial. (Doc. 25, PageID #137—39). Accordingly, the case remains in its earliest stages, and dismissal of the counterclaim at this juncture will avoid the unnecessary expenditure of judicial and party resources associated with further litigation of the claim.

For these reasons, this factor undeniably weighs in favor of dismissal. The fact that Doe spent time and effort in filing an Answer to the counterclaim and in bringing the anti-SLAPP motion does not alter this conclusion. Any effort and expense in litigating the counterclaim at this primitive stage would be equally useful in a subsequently filed action. *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (affirming dismissal because the defendants' efforts would be useful in a subsequent action); *Brown v. City of Chattanooga*, 2024 U.S. Dist. LEXIS 215180, *3 (E.D. Tenn. Nov. 26, 2024) (considering the applicability of discovery to a later action); *Cogent Solutions Grp.*, 2013 U.S. Dist. LEXIS 165265, at *6 ("A final point cuts against a finding of plain legal prejudice-it appears that much of the effort and expense devoted to this case would be useful in a subsequently filed action.").

### 2. *Delay in Prosecution*

Likewise, there is no basis to conclude that Gabriel engaged in undue delay or lacked diligence in prosecuting the counterclaim or in bringing this Motion. As stated above, Gabriel asserted her counterclaim in an Answer filed less than three months ago and no discovery on it has occurred at this time. (Doc. 18). Additionally, this Motion comes prior to the deadline for responding to Doe's anti-SLAPP motion seeking dismissal of the counterclaim. (Doc. 25, PageID #137—39). Under these circumstances, it is clear that Gabriel has acted promptly and with diligence in the brief period since asserting the claim. Courts encourage parties to move for voluntary dismissal earlier rather than later in the litigation process so as to conserve the resources of both the litigants and the judiciary. *See Grover*, 33 F.3d at 718. Seeking dismissal at this stage reflects an effort to avoid expenditures of time and resources by both Parties which would otherwise be devoted to litigating both the anti-SLAPP motion and the merits of the counterclaim itself. Accordingly, this factor also weighs in favor of dismissal.

### 3. *Explanation for Dismissal*

Moreover, Gabriel's limited financial resources and desire to direct them toward defending against Doe's claims is a sufficient and appropriate reason for seeking dismissal. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 955 (6th Cir. 2009) (affirming dismissal when the district court concluded that the "plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal"); *Copeland v. Hiram Twp.*, 2019 U.S. Dist. LEXIS 75197, at *8 (N.D. Ohio May 3, 2019) (finding that plaintiff had provided a sufficient explanation for the necessity of the dismissal based upon her financial concerns and present inability to pay).

Gabriel maintains that her "tortious interference" counterclaim would not only survive Doe's anti-SLAPP motion but would also prove successful on the merits. Nevertheless, after weighing the significant costs associated with litigating the anti-SLAPP motion—which must be resolved before she is even able to prosecute her claim—against the benefits associated with litigating her claim and ultimately achieving success on the merits, Gabriel has determined that it is in her best interest to direct the finite resources she has to defending against the claims Doe has asserted against her. This is a sufficient explanation for requesting dismissal and, thus, this factor weighs in favor of dismissal as well.

### 4. *Pending Motion for Summary Judgment*

The final factor, guiding courts to consider whether a motion for summary judgement has been filed on the claim, requires little analysis. Here, this factor weighs in favor of dismissal because Doe has not filed a motion for summary judgment. Moreover, Doe's pending anti-SLAPP motion, brought under Fed. R. Civ. P. 12(c), does not preclude the Court from granting Gabriel's Rule 41(a)(2) Motion for Voluntary Dismissal of her counterclaim. *See Walther v. Fla. Title, Inc.* 776 Fed. Appx. 310, 316 (6th Cir. 2019).

**CONCLUSION**

For the foregoing reasons, Gabriel respectfully requests that this Court enter an order permitting her to voluntarily dismiss her counterclaim without prejudice with each Party to bear their own fees and costs associated with the counterclaim.

Respectfully Submitted,

**ORTALE KELLEY LAW FIRM**

*/s/ Hallie P. Gillam*
Hallie Gilliam, BPR # 40470
Chicoya M. Smith, BPR # 37118
330 Commerce Street, Ste. 110
Nashville, TN 37201
P: 615-256-9999
F: 615-726-1494
csmith@ortalekelley.com
hgilliam@ortalekelley.com

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on December 18, 2025, a true and correct copy of the foregoing has been sent by the District Court's electronic filing system to:

Sarah L. Martin
Daniel Horwitz
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
sarah@horwitz.law

*/s/ Hallie P. Gillam*

7

Hallie P. Gillam