# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| JANE DOE, § | |
| § | |
| *Plaintiff-Counter-Defendant,* § | |
| § | |
| v. § | No.: 3:25-CV-00836 |
| § | |
| CONNOR LEWIS CAMPBELL and § | |
| KAIYA GABRIEL, § | |
| § | |
| *Defendants.* § | |

## COUNTER-DEFENDANT JANE DOE'S RESPONSE IN OPPOSITION TO KAIYA GABRIEL'S MOTION FOR ENLARGEMENT OF TIME [Doc. 27]

## I.  INTRODUCTION

Counter-Plaintiff Kaiya Gabriel—a revenge pornographer who obtained and then maliciously used private sexual images of Jane Doe (repeatedly) after illegally accessing Ms. Doe's hospital records—has counter-sued Ms. Doe for "Tortious Interference with a Business Contract." *See* Doc. 18, Counter-Compl., at 11–12.  But Gabriel's counter-claim is facially baseless retaliatory SLAPP litigation, so Ms. Doe has both moved to dismiss it and sought sanctions under Tennessee's anti-SLAPP statute.  *See* Doc. 22, Mot. for Judg. on the Pleadings and Tennessee Public Participation Act Pet. to Dismiss.

Under this Court's scheduling order, Gabriel's response to Ms. Doe's motion was due December 19, 2025.  *See* Doc. 25, Order, at 1.  Rather than file a response, though, Gabriel moved—on the night her response was due—to enlarge the deadline

to respond.  *See* Doc. 27, Gabriel's Mot. for Enlargement.

Gabriel has no right to the relief she seeks.  Given the circumstances involved—which do not involve diligence, but which do involve a transparent effort by Gabriel and her counsel to evade consequences for filing abusive SLAPP litigation—there also is not good cause to extend Gabriel's response deadline.  Thus, Gabriel's Motion for Enlargement of Time (Doc. 27) should be **DENIED**.

## II.  FACTS AND PROCEDURAL HISTORY

Ms. Doe—a victim of the Defendants' revenge pornography—sued the Defendants on July 23, 2025.  *See* Doc. 1, Compl.  On October 6, 2025, Gabriel counter-claimed for "Tortious Interference with a Business Contract."  *See* Doc. 18, Counter-Compl., at 11–12.  Ms. Doe answered on October 22, 2025 and notified Gabriel that her Counter-Complaint failed to state a claim upon which relief can be granted.  Doc. 19, Doe's Answer, at 2.

Gabriel did not dismiss her bogus counter-claim in the three weeks that followed, though.  Thus, on November 13, 2025, Ms. Doe moved to dismiss it and sought anti-SLAPP remedies under the Tennessee Public Participation Act.  *See* Doc. 22, Mot. for Judg. on the Pleadings and Tennessee Public Participation Act Pet. to Dismiss.

By rule, Gabriel's response to Ms. Doe's Motion was due within "fourteen (14) days after service of the motion[.]"  *See* L.R. 7.01(3).  But the Court later extended that deadline for Gabriel's benefit, entering a scheduling order that Gabriel's "memorandum in opposition is due **ON OR BEFORE DECEMBER 19, 2025**, as

contrasted with the statutorily contemplated briefing schedule[.]" Doc. 25, Order, at 1.

On December 18, 2025, Gabriel moved to voluntarily dismiss her counter-claim without prejudice. *See* Doc. 26, Mot. for Voluntary Dismissal. As grounds, Gabriel has feigned "confiden[ce] in the merits of her counterclaim" and pretends that she is seeking to dismiss it for some reason other than that she and her misbehaving counsel are eager to avoid consequences for their retaliatory abuse and don't want to be sanctioned. *Id.* at 2. The following evening, rather than respond to Ms. Doe's motion by the court-ordered December 19, 2025 response deadline, Gabriel moved to enlarge the deadline until her motion to voluntarily dismiss without prejudice is adjudicated. *See* Doc. 27, Gabriel's Mot. for Enlargement.

### III.  ARGUMENT

"Under Rule 16(b), a scheduling order 'may be modified only for good cause and with the judge's consent.'" *E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (quoting Fed. R. Civ. P. 16(b)(4)). "A modification of [a] scheduling order by leave of court is appropriate only when a relevant deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)); *see also Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) ("In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence **and** that the opposing party will not suffer prejudice by virtue of the amendment.") (emphasis added). "As such, the moving party's diligence in

attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard." *U-Haul Int'l, Inc.*, 286 F.R.D. at 325 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir.2002) (citations omitted)).

Given these considerations, "[d]emonstrating the inability to meet a court-ordered deadline despite the exercise of due diligence is a pre-requisite to granting relief from a deadline established in a pretrial order." *See Morrison v. Stephenson*, No. 2:06-CV-0283, 2008 WL 145017, at *6 (S.D. Ohio Jan. 10, 2008) (citing *Rouse v. Farmers State Bank*, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994); *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)); *see also Ross*, 567 F. App'x at 306 ("In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence[.]"). "Prejudice to the non-moving party is a relevant consideration[.]" *Harris v. Wells Fargo*, No. 18-2400-JPM-DKV, 2019 WL 11583478, at *2 (W.D. Tenn. Feb. 20, 2019). "However, the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Graley v. Dolgen Midwest LLC*, No. 2:13-CV-83, 2014 WL 971970, at *1 (S.D. Ohio Mar. 12, 2014).

Here, Gabriel's initial briefing deadline has already been extended once pursuant to this Court's pre-trial scheduling order. *See* Doc. 25, Order, at 1 (Gabriel's "memorandum in opposition is due **ON OR BEFORE DECEMBER 19, 2025**, as contrasted with the statutorily contemplated briefing schedule[.]"). That generous extension afforded Gabriel some five weeks to clear the low bar of explaining why her counter-complaint states a claim upon which relief can be granted. *See id.* "Rather

than respond to" Ms. Doe's Motion, though, Gabriel "moved for an extension of time on the day [her] response was due." *Cf. Micula v. Gov't of Romania,* 805 F. App'x 1, 2 (D.C. Cir. 2020); Doc. 27, Gabriel's Mot. for Enlargement.

This Court would act well within its discretion "by refusing to grant [Gabriel's] eleventh-hour extension request[.]" *Micula,* 805 F. App'x at 2. Doubly so because Gabriel does not even *allege* that her failure to meet this Court's already-once-extended deadline is attributable to her inability to do so. *See* Doc. 27, Gabriel's Mot. for Enlargement; *but see U-Haul Int'l, Inc.,* 286 F.R.D. at 325 ("A modification of [a] scheduling order by leave of court is appropriate only when a relevant deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'") (cleaned up); *Ross,* 567 F. App'x at 306 ("In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence[.]").

Instead, Gabriel insists that this Court's scheduling order should be enlarged because "[r]equiring Gabriel to prepare and file a substantive opposition to a potentially dispositive motion while a Rule 41(a)(2) motion is pending would result in the unnecessary expenditure of resources[.]" *See* Doc. 27, Gabriel's Mot. for Enlargement, at 2. There is irony in the claim. As explained in the exact motion to which Gabriel failed to timely respond, Gabriel's counter-claim is "classic retaliatory SLAPP litigation" that is not designed to win but is designed to impose expense on her victim. *See* Doc. 22, Mot. for Judg. on the Pleadings and Tennessee Public Participation Act Pet. to Dismiss, at 2 (citing *Nandigam Neurology, PLC v. Beavers,*

- 5 -

639 S.W.3d 651, 658 (Tenn. Ct. App. 2021) ("'Plaintiffs in SLAPP suits do not intend to win but rather to chill a defendant's speech or protest activity and discourage opposition by others through delay, expense, and distraction.'")) (cleaned up). Thus, while unapologetically imposing baseless litigation expense on her preferred target for abuse, Gabriel apparently is very concerned about incurring expense herself.

No matter. Gabriel has not been diligent in meeting her court-ordered response deadline, and she does not seriously claim that she was. By dilatorily moving to enlarge the deadline at 9:58 p.m. on the day it expired, Gabriel also ensured that her motion would not be adjudicated before her response deadline came and went. Thus, even though her motion does not toll the deadline involved, *see Ascion, LLC v. Tempur Sealy Int'l, Inc.*, No. 517CV00403JMHEBA, 2022 WL 3273630, at *5 (E.D. Ky. July 13, 2022), *report and recommendation adopted*, No. 5:17-CV-403-JMH-EBA, 2022 WL 3256830 (E.D. Ky. Aug. 10, 2022) ("Generally, filing a motion for extension of time or otherwise altering the case management schedule does not toll the time for compliance with court-ordered deadlines."), Gabriel must have known that she would not meet it. Even so, Gabriel offers no claim that she couldn't—or even tried to—meet the generous deadline this Court imposed. Instead, she insists that preserving her "resources" is more important than complying with the Court's scheduling order. Doc. 27, Gabriel's Mot. for Enlargement, at 2.

There is prejudice here, too. Despite Gabriel's assertion that "no discovery has occurred on this claim, and this case is evidently in its early stages[,]" *id.* at 3, Ms. Doe has both answered and moved to dismiss Gabriel's counter-claim because it

fails—facially—to state a cognizable claim for relief. As a result, there will never be any discovery on the claim, and Ms. Doe has already invested the full measure of resources necessary to dispose of it. Ms. Doe also is entitled to a prompt determination of her motion. *Cf. FemHealth USA, Inc. v. Williams*, 640 F. Supp. 3d 809, 812 (M.D. Tenn. 2022) ("[E]very party has a 'right to a determination of its rights and liabilities without undue delay.'") (cleaned up). Indeed, that is the main reason for Tennessee's anti-SLAPP statute. *See Nandigam Neurology, PLC*, 639 S.W.3d at 666 ("A primary reason for the statute's enactment was the prevention of individuals incurring substantial costs associated with defending themselves in SLAPP litigation, which is accomplished by allowing courts to expediently resolve such cases . . . .").

Gabriel's claim that "there is no evidence of bad faith by Gabriel" is worst of all, though. *See* Doc. 27, Gabriel's Mot. for Enlargement, at 2. In fact, there is *overwhelming* evidence of Gabriel's bad faith here, and it is detailed in the exact motion she has refused to address. As Ms. Doe has explained:

> There is no world in which Gabriel's claims could be asserted in good faith. They do not comply with Rule 11. *See* Fed. R. Civ. P. 11(b)(1) (prohibiting presentation of claims "for any improper purpose, such as to harass"); (b)(3) (requiring that a litigant's "factual contentions have evidentiary support"). Certainly, Gabriel has not filed her Counter-Complaint to redress a genuine wrong. Instead, Gabriel's Counter-Complaint is a naked attempt "to intimidate [Ms. Doe] into silence regarding an issue of public concern"—intentional misbehavior that Tennessee's judiciary properly characterizes as "evil[.]" *See Residents Against Indus. Landfill Expansion, Inc. (RAILE) v. Diversified Sys., Inc.*, No. 03A01-9703-CV-00102, 1998 WL 18201, at *3 & n.6 (Tenn. Ct. App. Jan. 21, 1998).

Doc. 22, Mot. for Judg. on the Pleadings and Tennessee Public Participation Act Pet.

to Dismiss, at 20–21.

For all of these reasons, Gabriel's motion to enlarge her now-expired response deadline should be denied. Gabriel has not demonstrated diligence in seeking to meet her court-ordered response deadline. She also has not asserted that she couldn't reasonably meet her deadline or even tried to meet it. Instead, Gabriel offers justifications for enlarging it that have nothing to do with a claim of diligence.

Apart from that, Ms. Doe would be prejudiced if Gabriel's eleventh-hour extension is granted. There also is significant evidence of bad faith here, which is the reason why Gabriel has sought to prevent Ms. Doe's motion and the sanctions it seeks from being adjudicated in the first place. Taking all of these considerations into account—and considering further that federal courts should "deal swiftly and harshly" with SLAPP-suits filed in federal court to prevent abuse of this forum, *see Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 673 n.8 (10th Cir. 2018)—Gabriel's motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Gabriel's Motion for Enlargement of Time (Doc. 27) should be **DENIED**.

Respectfully submitted,

/s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
SARAH L. MARTIN, BPR #037707
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
sarah@horwitz.law

*Counsel for Plaintiff/Counter-Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2025, a copy of the foregoing was sent via certified USPS mail, postage prepaid, the Court's electronic filing system, or via email to the following:

Chicoya M. Smith
Hallie Gilliam
330 Commerce Street, Ste. 110
Nashville, TN 37201
P: 615-256-9999
F: 615-726-1494
csmith@ortalekelley.com
hgilliam@ortalekelley.com

*Counsel for Defendants/Counter-Plaintiff*

By:   /s/ Daniel A. Horwitz
      DANIEL A. HORWITZ, BPR #032176