# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff-Counter-Defendant,* | § | |
| | § | |
| v. | § | No.: 3:25-CV-00836 |
| | § | |
| CONNOR LEWIS CAMPBELL and | § | |
| KAIYA GABRIEL, | § | |
| | § | |
| *Defendants.* | § | |

## COUNTER-DEFENDANT JANE DOE'S RESPONSE IN OPPOSITION TO KAIYA GABRIEL'S MOTION FOR VOLUNTARY DISMISSAL [Doc. 26]

## I.  INTRODUCTION

Counter-Plaintiff Kaiya Gabriel—a revenge pornographer who obtained and then maliciously used private sexual images of Jane Doe (repeatedly) after illegally accessing Ms. Doe's hospital records—has counter-sued Ms. Doe for "Tortious Interference with a Business Contract." *See* Doc. 18, Counter-Compl., at 11–12.  But Gabriel's counter-claim is facially baseless retaliatory SLAPP litigation, so Ms. Doe has moved to dismiss it.  *See* Doc. 22, Mot. for J. on the Pleadings and Tennessee Public Participation Act Pet. to Dismiss.  Rather than respond to Ms. Doe's motion by this Court's ordered deadline, though, Gabriel employed a classic strategy of SLAPP filers: She moved for leave to dismiss her bogus counter-claim (without prejudice) and asks this Court to spare her from any consequences associated with it. *See* Doc. 26, Counter-Pl.'s Mot. for Voluntary Dismissal.

The relief that Gabriel seeks should be denied for two reasons.

*First*, this Court may (and should) adjudicate Doe's motion to dismiss first. *See Millazzo v. Universal Traffic Serv., Inc.*, 289 F. Supp. 2d 1251, 1255 (D. Colo. 2003), *judgment entered*, No. CIV.01-B-880 (OES), 2004 WL 3480982 (D. Colo. Aug. 24, 2004) ("[T]he Court has discretion to determine the order in which it considers motions."). Doing so will moot Gabriel's motion for voluntary dismissal, rendering a ruling on it unnecessary. *Cf. Carmona-Licon v. Fed. Home Loan Mortg. Corp.*, No. 2:13-CV-00703-RCJ, 2013 WL 5234306, at *2 (D. Nev. Sept. 16, 2013) ("Plaintiff has not timely responded to either motion to dismiss, which constitutes consent to granting them. . . . Court therefore grants the motions to dismiss and denies the motion to dismiss voluntarily as moot.").

*Second*, because "a plaintiff may not dismiss without prejudice merely because he faces an adverse judgment[,]" *see Bormuth v. City of Jackson*, No. 12-11235, 2013 WL 1944574, at *1 (E.D. Mich. May 9, 2013), granting Gabriel's motion would be an abuse of discretion.

If this Court does grant Gabriel's motion, though, it should impose two conditions. First, it should order Gabriel to pay Ms. Doe's attorney's fees associated with her counter-claim. Second, it should order that the dismissal be with prejudice.

For these reasons, Gabriel's Motion for Voluntary Dismissal should be **DENIED**.

### II.  RELEVANT FACTS AND PROCEDURAL HISTORY

Ms. Doe—a victim of the Defendants' revenge pornography—sued the

Defendants on July 23, 2025. *See* Doc. 1, Compl. On October 6, 2025, Gabriel counter-claimed for "Tortious Interference with a Business Contract." *See* Doc. 18, Counter-Compl., at 11–12. Ms. Doe answered on October 22, 2025. Doc. 19, Doe's Answer, at 2.

Gabriel did not dismiss her bogus counter-claim in the three weeks that followed. Thus, on November 13, 2025, Ms. Doe moved to dismiss it and sought anti-SLAPP remedies under the Tennessee Public Participation Act. *See* Doc. 22, Mot. for J. on the Pleadings and Tennessee Public Participation Act Pet. to Dismiss.

The Court ordered that Gabriel's "memorandum in opposition is due **ON OR BEFORE DECEMBER 19, 2025**, as contrasted with the statutorily contemplated briefing schedule[.]" Doc. 25, Order, at 1. But Gabriel did not respond to Ms. Doe's motion as ordered. Instead, on December 18, 2025, Gabriel moved to voluntarily dismiss her counter-claim without prejudice. *See* Doc. 26, Mot. for Voluntary Dismissal. As relief, Gabriel "seeks an order voluntarily dismissing her counterclaim without prejudice[.]" *Id.* at 2. She also asks this Court to order "each Party to bear their own fees and costs associated with the counterclaim." *Id.* at 7.

### III.  ARGUMENT

**A.**  **THIS COURT SHOULD ADJUDICATE MS. DOE'S MOTION TO DISMISS FIRST AND DENY GABRIEL'S MOTION AS MOOT.**

This Court "has discretion to determine the order in which it considers motions." *See Millazzo,* 289 F. Supp. 2d at 1255; *see also, e.g., Regents of the Univ. of New Mexico v. Am. Fam. Mut. Ins. Co.,* No. CV 15-00179 WJ/SCY, 2015 WL 11111297, at *3 (D.N.M. May 6, 2015) ("The Court certainly has the discretion to decide these

motions in the order of its choosing."); *Holmes v. F.D.I.C.*, No. 11-CV-211, 2011 WL 1498824, at \*1 (E.D. Wis. Apr. 19, 2011) ("Courts have a great deal of discretion to decide the order in which they will dispose of multiple motions."); *City of Hays, Kansas v. Edwards Cnty., Kansas*, No. 25-1054-HLT-GEB, 2025 WL 1235593, at \*2 (D. Kan. Apr. 29, 2025) ("The order in which the motions before the District Judge are decided is at the discretion of the District Judge.").  In exercise of that discretion, this Court should adjudicate Ms. Doe's motion to dismiss first.  Three reasons support this conclusion.

*First*, Ms. Doe's motion was filed first.  That matters, because "[m]otions are generally decided in the order they were filed." *Barnes v. Guild Mortg. Co. LLC*, No. 1:24-CV-01792-VMC-LTW, 2024 WL 3390545, at \*1 (N.D. Ga. May 24, 2024); *see also Crittendon v. Lombardo*, No. 217CV01700RFBPAL, 2018 WL 6179493, at \*4 (D. Nev. Nov. 26, 2018) ("Motions are generally addressed in the order in which they were filed."); *Tagle v. Bean*, No. 215CV01402JADVCF, 2017 WL 2192969, at \*2 (D. Nev. May 18, 2017) (same); *Broadbent v. Americans for Affordable Healthcare Inc.*, No. 1:10-CV-943, 2011 WL 13228125, at \*1 (S.D. Ohio Sept. 19, 2011) ("The motions will be addressed in the order in which they were filed.").

*Second*, this Court ordered a briefing schedule and imposed a deadline for responding to Ms. Doe's motion.  Doc. 25, Order, at 1.  Even so, Gabriel failed to file any timely opposition to Ms. Doe's motion as this Court ordered.  That waives Gabriel's opposition to the motion, making it an easy grant.  *See* L.R. 7.01(a)(3) ("If a timely response in opposition is not filed, the motion shall be deemed to be

- 4 -

unopposed."); *see also Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (collecting authority).

By contrast, Gabriel's motion for voluntary dismissal: (1) is opposed; and (2) is not yet fully briefed. Thus, adjudicating Gabriel's motion first would result in both delay and a greater expenditure of judicial resources.

<u>Third</u>, adjudicating Ms. Doe's motion first will moot Gabriel's, rendering unnecessary a ruling on Gabriel's motion and the disputed issues that it presents. *Cf. Carmona-Licon*, 2013 WL 5234306, at *2 ("Plaintiff has not timely responded to either motion to dismiss, which constitutes consent to granting them. . . . Court therefore grants the motions to dismiss and denies the motion to dismiss voluntarily as moot.").

For all of these reasons, this Court should adjudicate Ms. Doe's motion to dismiss first, and after doing so, it should deny Gabriel's motion as moot.

**B.     OTHERWISE, THIS COURT SHOULD DENY GABRIEL'S MOTION ON THE MERITS BECAUSE SHE HAS FILED IT BECAUSE SHE FACES AN ADVERSE JUDGMENT.**

Whatever other factors may inform a district court's discretion over a plaintiff's motion to voluntarily dismiss a claim,[1] one overriding consideration is dispositive here: "[A] plaintiff may not dismiss without prejudice merely because he faces an

---

[1] "The *Grover* factors are not an exclusive or mandatory list." *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007); *see also Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) ("[C]ourts need not analyze each factor or limit their consideration to these factors.").

adverse judgment[.]" *Bormuth*, 2013 WL 1944574, at *1 (collecting authority); *see also, e.g., McEachern v. Whirlpool Corp.*, No. 2:19-CV-13084, 2020 WL 13499903, at *1 (E.D. Mich. Jan. 15, 2020) ("'[A] party is not permitted to dismiss merely to escape an adverse decision [or] to seek a more favorable forum.'") (quoting *Thatcher v. Hanover Ins.*, 659 F.3d 1212, 1214 (8th Cir. 2011)); *Collins v. Warden, London Corr. Inst.*, No. 2:12-CV-1093, 2014 WL 2207706, at *1 (S.D. Ohio May 28, 2014) ("A voluntary dismiss[al] pursuant to Rule 41(a)(1)(A) is not proper, nor does the Court find that dismissal pursuant to Rule 41(a)(2) is proper.  Plaintiff is merely trying to avoid final adjudication on the merits of his case and dismissal with prejudice, by filing a motion to dismiss."); *Distefano v. Kinder Morgan, Inc.*, No. 3:10-CV-1028-JPG-SCW, 2011 WL 245583, at *1 (S.D. Ill. Jan. 26, 2011) ("Dismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an adverse ruling by the Court. . . .  Here, dismissal without prejudice is inappropriate in light of the merits of the defendants' motion to dismiss with prejudice, as discussed below.") (citing *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993)); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996); *Local 472 of Utd. Ass'n of Journeymen v. Ga. Power Co.*, 684 F.2d 721, 724–25 (11th Cir. 1982).

This rule is controlling.  As in other cases, it also is not difficult to understand what is going on here.  *Cf. Close v. Eldo Organic, LLC*, No. 2:22-CV-1630, 2022 WL 3053751, at *4 (S.D. Ohio Aug. 2, 2022) (Despite the reasons given by the plaintiffs, "the Court suspects that Plaintiffs read Defendants' motion to dismiss and recognized that they faced significant hurdles in their federal case. . . .  Plaintiffs' 'motion' to

- 6 -

dismiss the non-declaratory-judgment claims appears to be motivated by, at worst, gamesmanship, or, at best, a desire for a 'fresh start' in the federal case. That is not a proper basis for a Rule 41(a)(2) motion.").

The facts that: (1) Gabriel filed her motion a day before her response to Ms. Doe's dispositive motion was due; (2) Ms. Doe's dispositive motion is inarguably meritorious; and (3) Gabriel has not even attempted to respond to Ms. Doe's dispositive motion despite a court-ordered response deadline tell this Court all it needs to know. That Gabriel has offered—through counsel—various unsworn contrary explanations for her abrupt change of course also does not affect the analysis. *See Plumbers Loc. 98 Defined Ben. Funds v. Controlled Water, Inc.*, No. 03-CV-72888-DT, 2006 WL 2708544, at *2 (E.D. Mich. Sept. 19, 2006) ("It is universally settled that 'statements of counsel are not evidence' and do not create issues of fact.") (collecting cases).

There is evidence of abuse here, too. *Cf. Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (Courts should not grant Rule 41(a)(2) motions if there is "some evidence of abuse by the movant[.]"). Whatever Gabriel's eleventh-hour explanations for her behavior, her behavior itself—(1) filing a SLAPP lawsuit, (2) requiring her victim to incur expenses responding to it, and then (3) moving to voluntarily dismiss her bogus claim in the face of an anti-SLAPP petition so as to avoid the consequences that come from filing it—is a tried-and-true strategy of Tennessee SLAPP plaintiffs. *See, e.g., Flade v. City of Shelbyville*, 699 S.W.3d 272, 276 (Tenn. 2024); *Gersper v. Turner*, No. M2022-01136-COA-R3-CV, 2024 WL

4554706 (Tenn. Ct. App. Oct. 23, 2024), *appeal denied* (Apr. 17, 2025); *Garramone v. Dugger*, No. M2023-00677-COA-R3-CV, 2024 WL 4880377, at \*1 (Tenn. Ct. App. Nov. 25, 2024); *Solomon v. Solomon*, No. M2021-00958-COA-R3-CV, 2023 WL 3730597, at \*1 (Tenn. Ct. App. May 31, 2023), *appeal denied* (Nov. 15, 2024); *Richman v. Debity*, No. E2024-00919-COA-R3-CV, 2025 WL 1454842, at \*1 (Tenn. Ct. App. May 21, 2025). The Tennessee Supreme Court has acknowledged the "concerns" that result from behavior, which Tennessee's procedural law unfortunately enables. *See Flade*, 699 S.W.3d at 291 ("The Petitioners and the Amicus Curiae, Mr. Harbison, contend that the availability of a voluntary nonsuit that avoids the fee-shifting aspect of the TPPA undercuts contingency representation for defendants who are sued for exercising their constitutional rights. We do not intend to minimize their concerns. However, their policy-based arguments are best addressed to the legislative branch."). Federal procedural law's more restrictive limitations on a plaintiff's ability to nonsuit do not require this Court to ignore the same abuse, though. To the contrary, federal procedural law requires otherwise. *See Elbaor*, 279 F.3d at 317 (5th Cir. 2002) (courts should not grant Rule 41(a)(2) motions if there is "some evidence of abuse by the movant"); *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) ("The courts must carefully monitor Rule 41(a)(2) voluntary dismissals to insure that they do not engender abuse."); *Close*, 2022 WL 3053751, at \*4.

**C.    IF THIS COURT GRANTS GABRIEL'S MOTION, IT SHOULD CONDITION THE GRANT ON AN AWARD OF ATTORNEY'S FEES AND DISMISSAL WITH PREJUDICE.**

"[A] request for voluntary dismissal may be granted 'on terms that the court considers proper.'" *Kryder v. Est. of Rogers*, 321 F. Supp. 3d 803, 808 (M.D. Tenn.

2018) (quoting Fed. R. Civ. P. 41(a)(2)). Here, if this court grants Gabriel's motion, it should condition its grant on two terms: (1) an award of Ms. Doe's attorney's fees; and (2) dismissal with prejudice.

### 1.      __Any grant should be conditioned on an award of attorney's fees.__

"Typically, 'a court imposes as a term and condition of dismissal [without prejudice] that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorney's fees.'" *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) (quoting *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir. 1994)). That term has been recognized as "common" or "typical" in at least seven circuits, and a district court in this circuit has identified it as the majority rule. *See U.S. ex rel. Stone,* 282 F.3d 787, 810 (10th Cir. 2002); *Marlow,* 19 F.3d at 303 (7th Cir. 1994); *McLaughlin v. Cheshire,* 676 F.2d 855, 856 (D.C. Cir. 1982) ("It is common for courts to require plaintiffs to pay their opponents' reasonable legal fees and costs as a condition of dismissal under Rule 41(a)(2).") *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n,* 56 F.3d 977, 978–79 (8th Cir. 1995) ("In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit."); *Mortg. Guar. Ins. v. Richard Carlyon Co.,* 904 F.2d 298, 300 (5th Cir. 1990) ("Rule 41(a)(2) empowers the court to condition voluntary dismissals 'upon such terms and conditions as the court deems proper.' Most often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant."); *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th

Cir. 1996) ("The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees."); *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987) ("[T]he district court conditioned dismissal on the plaintiff's payment of a portion of USX's costs and attorneys' fees incurred in the federal litigation[.] […] Such conditions should be imposed as a matter of course in most cases."); *Kienitz v. Metro. Life Ins. Co.*, 131 F.R.D. 106, 107 (E.D. Mich. 1990) ("The Court's review of relevant authority suggests that generally, Rule 41(a)(2) dismissals are conditioned upon the payment of at least a portion of the defendant's expenses related to defending the suit."); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 (4th ed. 2008) ("[U]sually the district judge at least will require that the plaintiff pay some or all of the defendant's litigation costs."); 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.06 (2nd ed. 1993).

Several factors inform whether to award attorney's fees and costs. *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 318 (6th Cir. 2019). Here, one of those factors controls: Gabriel acted in bad faith when filing her counter-claim. *Id.* ("Relevant factors in evaluating whether to award attorney's fees and costs include 'whether the plaintiff acted in good faith in bringing the action[.]'") (quoting *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 410 (6th Cir. 2017)); *see also* Doc. 22, Mot. for J. on the Pleadings and Tennessee Public Participation Act Pet. to Dismiss at 15–22 (explaining why "Gabriel's Counter-Complaint is a naked attempt 'to intimidate [Ms. Doe] into silence regarding an issue of public concern'—intentional misbehavior that

Tennessee's judiciary properly characterizes as 'evil[]'") (quoting *Residents Against Indus. Landfill Expansion, Inc. (RAILE) v. Diversified Sys., Inc.*, No. 03A01-9703-CV-00102, 1998 WL 18201, at \*3, \*3 n.6 (Tenn. Ct. App. Jan. 21, 1998)). Apart from that, Ms. Doe has already been forced to incur the full measure of expenses that are necessary to dispose of Gabriel's counter-claim. Thus, if this Court grants Gabriel's motion, it should award Ms. Doe her attorney's fees.

### 2. Any grant should be conditioned on dismissal with prejudice.

Rule 41's "language 'permits the court to "condition" the grant of a Rule 41(a)(2) motion on dismissal with prejudice.'" *Kryder,* 321 F. Supp. 3d at 808 (quoting *Mich. Surgery Inv., LLC v. Arman,* 627 F.3d 572, 576 (6th Cir. 2010)). This Court should do so here. But there are three things that this Court must do first. *See United States v. One Tract of Real Prop. Together With all Bldgs., Improvements, Appurtenances & Fixtures,* 95 F.3d 422, 425–26 (6th Cir. 1996).

*First*, this Court must give Gabriel notice of its intention to dismiss her counter-claim with prejudice. *Id.*

*Second*, after receiving notice, Gabriel is entitled to an opportunity to be heard in opposition to dismissal with prejudice. *Id.*

*Third*, Gabriel must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Id.*

The Court only needs to take these steps if it is inclined both: (1) to grant Gabriel's motion, and (2) to adjudicate Gabriel's motion before Ms. Doe's. By contrast, if this Court grants Ms. Doe's motion first, dismissal with prejudice is mandatory,

and this Court need not do anything further.  *See Vectair USA, LLC v. Cmty. Bancshares*, No. 216CV02911JTFCGC, 2018 WL 10374817, at \*4 n.1 (W.D. Tenn. Mar. 1, 2018) ("A Rule 12(b)(6) dismissal is in effect a judgment on the merits and therefore is a dismissal with prejudice.") (collecting authority); Tenn. Code Ann. § 20-17-105(e) ("If the court dismisses a legal action pursuant to a petition filed under this chapter, the legal action or the challenged claim is dismissed with prejudice.").

## IV.  CONCLUSION

For the foregoing reasons, Gabriel's Motion for Voluntary Dismissal (Doc. 26) should be **DENIED**.  Otherwise, dismissal should be conditioned on two terms: (1) Gabriel's payment of Ms. Doe's attorney's fees; and (2) dismissal of Gabriel's counter-claim with prejudice.

Respectfully submitted,

By:     /s/ Daniel A. Horwitz_____
        DANIEL A. HORWITZ, BPR #032176
        SARAH L. MARTIN, BPR #037707
        LAURA E. CANTWELL, BPR #043452
        HORWITZ LAW, PLLC
        4016 WESTLAWN DR.
        NASHVILLE, TN 37209
        (615) 739-2888
        daniel@horwitz.law
        sarah@horwitz.law
        laura@horwitz.law

        *Counsel for Plaintiff/Counter-
        Defendant*

- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2025, a copy of the foregoing was sent via certified USPS mail, postage prepaid, the Court's electronic filing system, or via email to the following:

Wendy L. Longmire
Chicoya M. Smith
Hallie Gilliam
330 Commerce Street, Ste. 110
Nashville, TN 37201
P: 615-256-9999
F: 615-726-1494
wlongmire@ortalekelley.com
csmith@ortalekelley.com
hgilliam@ortalekelley.com

*Counsel for Defendants/Counter-Plaintiff*

By:    <u>/s/ Daniel A. Horwitz</u>
        DANIEL A. HORWITZ, BPR #032176