IN THE UNITED STATES DISTRICT COURT<br>
FOR THE MIDDLE DISTRICT OF TENNESSEE<br>
AT NASHVILLE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No.: 3:25-CV-00836 |
| | ) | |
| CONNOR LEWIS CAMPBELL and | ) | |
| KAIYA GABRIEL, | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT KAIYA GABRIEL'S OBJECTION TO PLAINTIFF'S SUBPOENA ON NON-PARTY VANDERBILT UNIVERSITY MEDICAL CENTER AND MOTION FOR PROTECTIVE ORDER**

COMES NOW, Defendant, Kaiya Gabriel, to oppose Plaintiff's subpoena on non-party Vanderbilt University Medical Center ("Vanderbilt"). Plaintiff's subpoena seeks information from Defendant Kaiya Gabriel's former employer, which provides Defendant Gabriel with standing to challenge this subpoena. The information sought only relates to the counterclaim brought by Defendant Gabriel, which currently has a pending motion for voluntary dismissal ***and*** a motion for judgment on the pleadings. Therefore, Defendant Gabriel objects to the subpoena served on Vanderbilt.

**STANDARD OF REVIEW**

Disputes over subpoenas are left to the discretion of the trial court. *Graham Packaging Co., L.P. v. Indorama Ventures AlphaPet Holdings, Inc.*, No. 3:24-MC-00008, 2024 WL 4593866, 2024 U.S. Dist. LEXIS 195317, at \*5 (W.D. Ky. Oct. 25, 2024) (Order of U.S. magistrate). The scope of a subpoena is limited by Rule 26 of the Federal Rules of Civil Procedure. *Id.* at \*4.

Specifically, information sought must still be relevant to the proceeding and not pose an undue burden. *Id.* at *4-5.

## ARGUMENT

**I.       Defendant Gabriel has standing to assert her objections and seek relief before this Court.**

Defendant Gabriel has standing to seek relief from this Court as the subpoena seeks to obtain information from her former employer. Generally, a party cannot establish standing to challenge a subpoena to a non-party. *Graham Packaging Co., L.P. v. Indorama Ventures AlphaPet Holdings, Inc.*, No. 3:24-MC-00008, 2024 WL 4593866, 2024 U.S. Dist. LEXIS 195317, at *5 (W.D. Ky. Oct. 25, 2024) (Order of U.S. magistrate). However, there are exceptions for instances where "the party seeking to quash claims a personal right or privilege with regard to the documents sought." *Id.* (internal quotations omitted).

Pursuant to these exceptions, a party can challenge a subpoena based on an employment relationship. *See, e.g., Subpoena to Narendran v. Sprint Spectrum L.P.*, No. 20-mc-213; No. 2:20-CV-00007, 2021 WL 168765, 2021 U.S. Dist. LEXIS 9263, at *6 (Dist. Kan. Jan. 19, 2021). In *Narendran*, a subpoena was sent to a party's employee to take that employee's deposition to seek information as "a result of his employment," and the employer filed an objection. *Id.* The District Court for Kansas found that due to the subpoena seeking this employment-related information, the employer had standing to challenge the subpoena. *Id.* at *5-6.

Here, Plaintiff seeks information from Vanderbilt as a result of Defendant Gabriel's employment relationship with it. This principle mirrors the reasoning the *Narendran* Court used to allow the employer to challenge the subpoena of its employee, though the roles are now flipped. However, that is a distinction without a difference, and allows Defendant Gabriel to bring the substantive objections explained below. In the alternative, if this Court finds a lack of standing to

2

challenge the subpoena in full, Defendant Gabriel would still have standing to seek a protective order. *Diamond Resorts Int'l, Inc. v. Phillips*, Case No. 3:17-cv-01124, 2018 U.S. Dist. LEXIS 219583, at *5-6 (E.D. Tenn. July 16, 2018) (noting that "where a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf.").

## II.    Plaintiff's subpoena is premature and should not be acted upon until the Court has ruled on the pending dispositive motions.

The deadline for compliance poses an undue burden, and the information the subpoena seeks is not relevant to any claims not already moved to be disposed of by both parties. Plaintiff set the deadline for compliance at January 22, 2026. "Parties are particularly well-suited to object on behalf of an outside entity to discovery that is irrelevant or cumulative—indeed the parties may be the only ones in a position to make an argument on those grounds." *Diamond Resorts, Int'l, Inc.*, 2018 U.S. Dist. LEXIS 219583, at *9-10.

The subpoena seeks Defendant Gabriel's personnel file, communications regarding Defendant Gabriel's termination from Vanderbilt, and communications regarding Defendant Gabriel's accessing Plaintiff's personal records. This information only pertains to Defendant Gabriel's counterclaim, which both parties have moved to dispose of. Specifically, Plaintiff filed a motion for judgment on the pleadings. [Docket No. 22]. While Defendant Gabriel moved for a voluntary dismissal. [Docket No. 26]. Neither motion has been ruled on by this Court, which makes Vanderbilt's compliance unwarranted since the information sought will be entirely irrelevant once the counterclaim is disposed of.

## III.    Alternatively, this Court should issue a protective order allowing for compliance with the subpoena only after ruling on the pending dispositive motions.

Since the information Plaintiff seeks is entirely irrelevant to the proceeding of this case if the counter-claim is disposed of, this Court should order that Vanderbilt need not comply with the

3

subpoena unless both of the dispositive motions relating to the counterclaim are denied. There is no question Defendant Gabriel has standing to seek such relief. *See, e.g., Diamond Resorts Int'l, Inc.*, 2018 U.S. Dist. LEXIS 219583, at *5-6. Indeed "where a party's standing may fall short to quash a subpoena under Rule 45, Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf." *Id.* Thus, this relief is warranted, particularly in light of Defendant Gabriel's position to assess the relevancy of the subpoenaed information.

## IV. Plaintiff Failed to Comply with Rule 45's Mandatory Notice Requirement.

Independently, Plaintiff's subpoena is procedurally defective because Plaintiff failed to comply with the notice requirements of Rule 45(a)(4) of the Federal Rules of Civil Procedure. Rule 45(a)(4) provides that when a subpoena commands the production of documents or electronically stored information before trial, "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). This requirement is mandatory and is intended to give opposing parties a meaningful opportunity to object before compliance occurs.

Here, the subpoena does not state when it was served on Vanderbilt. The only communication provided by Plaintiff's counsel is an email on December 29th stating "[a]ll, [i]n compliance with the local rules, please see the attached subpoena," without identifying the date or time of service. As a result, Defendants cannot determine whether Plaintiff received notice before service, as Rule 45 requires, or only afterward. That uncertainty alone establishes noncompliance with the Rule. The failure to give proper notice deprives the opposing party of the ability to timely object or seek court intervention and is, by itself, a sufficient basis for relief. Because Plaintiff cannot demonstrate compliance with Rule 45's notice requirement, and because the record

4

affirmatively reflects that notice was, at best, ambiguous and potentially untimely, the subpoena should be quashed or stayed on this ground as well. At a minimum, any obligation on Vanderbilt to respond should be suspended until Plaintiff establishes that Rule 45(a)(4) was satisfied and this Court resolves the pending dispositive motions.

## CONCLUSION

Plaintiff's decision to issue the subpoena at this stage is premature and procedurally improper. Plaintiff seeks third-party discovery relating solely to a counterclaim that is the subject of both Plaintiff's pending dispositive motion and Defendant Gabriel's dispositive motion, neither of which has been ruled upon. As a result, the subpoena seeks information that is likely to become entirely irrelevant to the progression of this case. Compounding that defect, Plaintiff has failed to demonstrate compliance with Rule 45's mandatory notice requirements, further rendering the subpoena improper. Under these circumstances, Defendant Gabriel is entitled to seek relief to prevent unnecessary burden on a non-party and avoid prejudicial discovery. Accordingly, Defendant Gabriel respectfully requests that this Court quash the subpoena or, in the alternative, extend the deadline for compliance until after the Court rules on the pending dispositive motions.

Respectfully Submitted,

**ORTALE KELLEY LAW FIRM**

*/s/  Chicoya M. Smith*

Chicoya M. Smith, BPR #37118
Wendy L. Longmire, BPR #012158
Hallie Gillam, BPR #40470
330 Commerce Street, Ste. 110
Nashville, TN 37201
P: 615-256-9999
F: 615-726-1494
csmith@ortalekelley.com
hgilliam@ortalekelley.com

5

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on January 22, 2026, a true and correct copy of the foregoing has been sent by email to:

Sarah L. Martin
Daniel Horwitz
Horwitz Law, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
sarah@horwitz.law

CERTIFICATE OF GOOD FAITH EFFORT RESOLVE DISCOVERY DISPUTE

I hereby certify that counsel for the movant certifies that a good-faith effort was made to confer with all parties and affected non-parties to resolve the matters addressed in this Motion, but the parties were unable to reach resolution.

*/s/ Chicoya M. Smith*

Chicoya M. Smith